******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# IN RE SANDY J. M.-M.*
## (AC 40602)

Alvord, Sheldon and Prescott, Js.

### Syllabus

S, who was born in Guatemala and had entered the United States while she was still a minor, appealed to the trial court from the decision of the Probate Court dismissing her petition for special immigrant juvenile status findings and denying her petition for removal of her father as guardian. The trial court rendered judgment dismissing the appeal, from which S appealed to this court. Thereafter, S filed a motion for summary reversal of the trial court's dismissal of her appeal from the decision of the Probate Court, which determined that because S had reached her eighteenth birthday and was no longer a minor, it lacked authority to make the requested findings. During the pendency of this appeal, our Supreme Court decided *In re Henrry P. B.-P.* (327 Conn. 312), in which it held that the Probate Court does not lose its authority to make special immigrant juvenile status findings pursuant to statute (§ 45a-608n [b]) when a child who is the subject of the petition reaches the age of eighteen during the pendency of the petition. *Held* that because the resolution of this appeal was controlled by *In re Henrry P. B.-P.*, summary reversal of the trial court's dismissal of the appeal was appropriate under the circumstances of the present case; although our rules of practice do not contain an express provision authorizing summary disposition of an appeal on the merits, this court has the authority to suspend the rules in the interest of expediting decision or for other good cause shown, and where, as here, the disposition of the appeal was plainly and undeniably mandated by a decision of our Supreme Court, summary disposition was warranted and further adjudication of the appeal would waste precious judicial resources, especially where, as here, such relief was unopposed and the failure to act expeditiously might prejudice S by preventing the timely assertion of her rights.

Considered January 18—officially released February 9, 2018**

### Procedural History

Appeal from the decision by the Probate Court for the district of Danbury dismissing the petition by the minor child seeking special immigrant juvenile status findings, and denying the petition for removal of a guardian, brought to the Superior Court in the judicial district of Fairfield, Juvenile Matters, and tried to the court, *Ginocchio, J.*; judgment dismissing the appeal, from which the petitioner appealed to this court; thereafter, the petitioner filed a motion for summary reversal of the trial court's dismissal of her appeal from the decision of the Probate Court. *Reversed*; *further proceedings*.

*Meghann E. LaFountain* in support of the motion.

*Opinion*

PER CURIAM. The petitioner, Sandy J. M.-M., asks this court, by way of a motion filed on January 9, 2018, to reverse summarily the trial court's dismissal of her appeal from a decision of the Probate Court denying her petition seeking special immigrant juvenile status findings. See 8 U.S.C. § 1101 (a) (27) (J) (2012); General Statutes § 45a-608n (b).[1] We conclude that the resolution of this appeal is controlled by our Supreme Court's recent decision in *In re Henrry P. B.-P.*, 327 Conn. 312, 173 A.3d 928 (2017), and that summary reversal is appropriate in the circumstances of this case. Accordingly, we grant the petitioner's motion and reverse the judgment of the trial court.

According to the relevant pleadings, the petitioner was born in Guatemala at the beginning of March, 1999, and she entered the United States when she was still a minor. Proceedings to remove her from the United States have commenced. On February 14, 2017, when she was seventeen years old, the petitioner initiated, pursuant to § 45a-608n (b), this proceeding requesting special immigrant juvenile status findings. Pursuant to General Statutes § 45a-610, the petitioner also filed with the Probate Court a petition to remove her father as her guardian. On March 30, 2017, the Probate Court, *Yamin, J.*, dismissed and denied, respectively, the petitions because the petitioner had reached her eighteenth birthday and the court presumably concluded that it lacked the authority to make the requested findings because she was no longer a minor.

On May 1, 2017, the petitioner appealed to the Superior Court from the Probate Court's dismissal and denial of the petitions. In that appeal, the petitioner asserted in part that the Probate Court had improperly dismissed and denied the petitions because even though she had reached her eighteenth birthday, the Probate Court retained the statutory authority to render the requested findings.

On May 25, 2017, the Superior Court, *Ginocchio, J.*, dismissed the appeal from Probate Court, citing to a Superior Court decision that held that it lacked the authority to adjudicate a neglect petition if the minor child turned eighteen years old during the pendency of the petition. See *In re Jessica M.*, 303 Conn. 584, 587–88, 35 A.3d 1072 (2012). On June 29, 2017, the petitioner filed this appeal challenging the propriety of the trial court's dismissal of her probate appeal. On July 27, 2017, this court granted the petitioner's motion to stay the deadline for her to file an appellant's brief until thirty days after the final disposition by our Supreme Court in *In re Henrry P. B.-P.*

The Supreme Court issued its opinion in *In re Henrry P. B.-P.*, supra, 327 Conn. 316, on December 14, 2017, holding that the Probate Court does not lose its author-

ity to make special immigrant juvenile status findings pursuant to § 45a-608n (b) when the child who is the subject of the petition reaches the age of eighteen during the pendency of the petition. We agree with the petitioner that *In re Henrry P. B.-P.* controls the resolution of this appeal.

Although our rules of practice do not contain an express provision authorizing a summary disposition of an appeal on the merits, this court has the authority to suspend the rules "[i]n the interest of expediting decision, or for other good cause shown . . . ." Practice Book § 60-3. If the disposition of an appeal is plainly and undeniably mandated by a decision of our Supreme Court, as in this case, summary disposition is warranted and further adjudication of the appeal would waste precious judicial resources. Summary disposition is particularly warranted if, as in this case, such relief is unopposed and our failure to act expeditiously might prejudice a party by preventing the timely assertion of her rights.

The motion is granted, the judgment of the Superior Court is reversed, and the case is remanded for further proceedings according to law.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** February 9, 2018, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 45a-608n (b) provides: "At any time during the pendency of a petition to remove a parent or other person as guardian under section 45a-609 or 45a-610, or to appoint a guardian or coguardian under section 45a-616, a party may file a petition requesting the Probate Court to make findings under this section to be used in connection with a petition to the United States Citizenship and Immigration Services for designation of the minor child as having special immigrant juvenile status under [8 U.S.C. § 1101 (a) (27) (J)]. The Probate Court shall cause notice of the hearing on the petition to be given by first class mail to each person listed in subsection (b) of section 45a-609, and such hearing may be held at the same time as the hearing on the underlying petition for removal or appointment. If the court grants the petition to remove the parent or other person as guardian or appoint a guardian or coguardian, the court shall make written findings on the following: (1) The age of the minor child; (2) the marital status of the minor child; (3) whether the minor child is dependent upon the court; (4) whether reunification of the minor child with one or both of the minor child's parents is not viable due to any of the grounds sets forth in subdivisions (2) to (5), inclusive, of section 45a-610; and (5) whether it is not in the best interests of the minor child to be returned to the minor child's or parent's country of nationality or last habitual residence."