******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JUAN G. *v.* COMMISSIONER OF CORRECTION*
(AC 40923)

DiPentima, C. J., and Alvord and Prescott, Js.

*Syllabus*

The petitioner, who had been convicted of sexual assault in a cohabiting relationship, assault in the second degree, and criminal violation of a protective order, sought a writ of habeas corpus, claiming that his trial counsel provided ineffective assistance and that the retroactive revocation of his risk reduction earned credit violated the ex post facto clause of the United States constitution. The respondent, the Commissioner of Correction, filed a motion to dismiss the ex post facto claim, which the habeas court granted. Subsequently, the habeas court rendered judgment denying the habeas petition, from which the petitioner, on the granting of certification, appealed to this court. During the pendency of this appeal, our Supreme Court decided *Breton* v. *Commissioner of Correction* (330 Conn. 462), in which it held that the 2013 amendment (P.A. 13-3, § 59) to the statute ([Rev. to 2013] § 54-125a) governing parole eligibility, which eliminated risk reduction credit awarded pursuant to statute (§ 18-98e) from the calculation of a violent offender's initial parole eligibility date, thereby requiring the offender to complete 85 percent of his definite sentence before becoming parole eligible, as applied retroactively to the petitioner in *Breton*, violated the ex post facto clause. Our Supreme Court noted that its holding would affect only inmates who are incarcerated for committing a violent crime between 2011 and 2013. Thereafter, the parties jointly filed a motion for the summary reversal of the habeas court's dismissal of the petition for a writ of habeas corpus with respect to the petitioner's ex post facto claim. *Held* that because the resolution of this appeal was controlled by *Breton* in that the petitioner, as a violent offender who committed his crimes in 2012, fell within the small class of inmates affected by the *Breton* holding, the 2013 amendment to § 54-125a (b) (2), as applied to the petitioner, violated the ex post facto clause of the United States constitution, and the petitioner was entitled to parole consideration prior to completion of 85 percent of his definite sentence; accordingly, the parties joint motion was granted and the judgment of the habeas court was reversed only with respect to the dismissal of the petitioner's ex post facto claim.

Considered January 23—officially released March 5, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; thereafter, the court granted the respondent's motion to dismiss the second count of the petition; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court; subsequently, the parties jointly filed a motion for the summary reversal of the habeas court's judgment with respect to the second count of the habeas petition. *Reversed in part*; *judgment directed.*

*James E. Mortimer*, *William Tong*, attorney general, and *Steven R. Strom*, assistant attorney general, in support of the motion.

*Opinion*

PER CURIAM. The petitioner, Juan G., and the respondent, the Commissioner of Correction, ask this court by way of a joint motion filed on January 16, 2019, to reverse summarily the habeas court's dismissal of the second count of the petitioner's petition for a writ of habeas corpus with respect to the petitioner's claim that the retroactive application of an amended statute that eliminated certain risk reduction earned credit from the calculation of a violent offender's initial parole eligibility date violated the constitutional prohibition against ex post facto laws.[1] See General Statutes §§ 18-98e and 54-125a. We agree with the parties that resolution of this appeal is controlled by our Supreme Court's recent decision in *Breton* v. *Commissioner of Correction*, 330 Conn. 462, 196 A.3d 789 (2018). Accordingly, we grant the parties' motion and reverse in part the judgment of the habeas court with direction to grant the petition only as it relates to the petitioner's ex post facto claim.

The petitioner was found guilty, following a jury trial, of two counts of sexual assault in a cohabiting relationship in violation of General Statutes § 53a-70b, one count of assault in the second degree in violation of General Statutes § 53a-60 (a) (2), and two counts of criminal violation of a protective order in violation of General Statutes § 53a-223. His conviction was upheld by this court on direct appeal. *State* v. [*Juan G.*], 167 Conn. App. 298, 300, 142 A.3d 1227, cert. denied, 323 Conn. 929, 149 A.3d 500 (2016).

The petitioner filed an amended petition for a writ of habeas corpus on July 29, 2016, alleging that the retroactive revocation of his risk reduction earned credit constituted an ex post facto violation, and that he had received the ineffective assistance of trial counsel. On May 23, 2017, the respondent filed a motion to dismiss the ex post facto claim, arguing that the court lacked subject matter jurisdiction over any and all claims related to parole eligibility and risk reduction earned credit. The court conducted a hearing on June 5, 2017, following which it granted the motion to dismiss. On September 14, 2017, following a hearing, the habeas court denied the remainder of the habeas petition. It subsequently granted the petitioner's petition for certification to appeal, and this appeal followed.

The sole issue raised on appeal is whether the habeas court improperly concluded that it lacked subject matter jurisdiction over the petitioner's ex post facto claim.[2] On December 4, 2018, our Supreme Court published its opinion in *Breton* v. *Commissioner of Correction*, supra, 330 Conn. 462. The court in *Breton* agreed with the petitioner that the "2013 amendment to General Statutes (Rev. to 2013) § 54-125a; see Public Acts 2013, No. 13-3, § 59 (P.A. 13-3), codified at General Statutes

(Supp. 2014) § 54-125a; which eliminated risk reduction credit awarded pursuant to . . . § 18-98e from the calculation of a violent offender's initial parole eligibility date, thereby requiring the offender to complete 85 percent of his definite sentence before becoming parole eligible, as applied retroactively to him, violates the ex post facto clause of the United States constitution . . . ." (Footnotes omitted.) *Breton* v. *Commissioner of Correction*, supra, 464–65. In reversing the judgment of the habeas court dismissing the habeas petition and remanding the case back to that court with direction to render judgment for the petitioner, our Supreme Court indicated as follows: "It is true, of course, that only a relatively small percentage of inmates—namely, those inmates who, like the petitioner, are incarcerated for committing a violent crime between 2011 and 2013—will be affected by our holding today. Moreover, the only relief to which those inmates are entitled is parole consideration prior to completion of 85 percent of their sentence; whether to grant parole at that time is a decision that remains solely within the broad discretion of the [Board of Pardons and Paroles]. But the ex post facto clause safeguards the right of those inmates to such consideration regardless of whether they are granted parole at that initial hearing." (Emphasis omitted.) Id., 485–86.

"Although our rules of practice do not contain an express provision authorizing a summary disposition of an appeal on the merits, this court has the authority to suspend the rules [i]n the interest of expediting decision, or for other good cause shown . . . . If the disposition of an appeal is plainly and undeniably mandated by a decision of our Supreme Court . . . summary disposition is warranted and further adjudication of the appeal would waste precious judicial resources. Summary disposition is particularly warranted if . . . such relief is unopposed . . . ." (Citation omitted; internal quotation marks omitted.) *In re Sandy J. M.-M.*, 179 Conn. App. 772, 775, 180 A.3d 1033 (2018).

As the respondent concedes, because the petitioner in the present case is a violent offender pursuant to § 54-125a (b) (2) (B) who committed his crimes in December of 2012, he falls within the small class of inmates affected by the *Breton* holding. Thus, the 2013 amendment to § 54-125a (b) (2), as applied to him, violates the ex post facto clause. The petitioner is entitled to parole consideration prior to completion of 85 percent of his definite sentence.

The motion is granted, the judgment of the habeas court is reversed with respect to the dismissal of the petitioner's ex post facto claim, and the case is remanded with direction to grant that portion of the petition.

* In accordance with our policy of protecting the privacy interests of the victims of family violence and sexual assault, we decline to use the petitioner's full name or to identify the victim or others through whom her identity

may be ascertained. See General Statutes § 54-86e.

[1] The constitution of the United States, article one, § 10, provides in relevant part: "No State shall . . . pass any . . . ex post facto Law . . . ."

[2] On October 11, 2018, this court, with the consent of the parties, granted a stay of the briefing in this case until sixty days after a decision by our Supreme Court in *Breton* and a companion case, *Garner* v. *Commissioner of Correction*, 330 Conn. 486, 196 A.3d 1138 (2018), which had been argued together and concerned the same ex post facto claim raised in the present appeal. Our Supreme Court released its decisions in *Breton* and *Garner* on December 4, 2018. See *Breton* v. *Commissioner of Correction*, supra, 330 Conn. 462; *Garner* v. *Commissioner of Correction*, supra, 486. On January 2, 2019, this court issued an order lifting the stay and ordering the parties, sua sponte, to file supplemental briefs addressing the effect, if any, of *Breton* and *Garner* on this appeal. This court later vacated the supplemental briefing order in light of the filing of this joint motion for a supervisory order.

————————————————————